OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
In this juvenile delinquency proceeding initiated pursuant to Family Court Act article 3, the Corporation Counsel alleges that the respondent has committed acts which, if done by an adult, would constitute two counts of assault in the third *674 degree as defined in Penal Law § 120.00 (1). The complainants are the respondent’s mother and brother.
The Law Guardian, representing the respondent, moves inter alia, to dismiss the petition on the grounds that the matter was satisfactorily adjusted by the Probation Department or, in the alternative, that the permissible period of such adjustment expired without referral to the Presentment Agency.
The following facts, obtained from the motion papers and court files are not disputed. On March 18, 1986, Kendra was arrested by the police for allegedly assaulting her brother and mother. The following day, the respondent’s mother appeared at the Department of Probation and requested that the matter proceed under Family Court Act article 7. And, in fact, on that day, a petition was filed with the court seeking an adjudication that Kendra was a person in need of supervision (PINS). Among the allegations set forth in that petition was the child’s assaultive behavior toward her mother.
At the initial appearance on the PINS petition, a summons was issued for the respondent, returnable two days later. Kendra appeared in court and was assigned counsel. Between March 21, 1986 and June 13, 1986, the PINS proceeding was before the court (Honorable M. Holt Meyer) on nine different dates with various actions being taken by the court, including the assignment of the New York City Corporation Counsel to present the petition. (Family Ct Act § 254 [a].) Thereafter, on June 18, 1986, the court ordered the "alleged criminal/delinquent act alleged in the petition” to be struck from the pleading. And thereupon, five days later, the instant juvenile delinquency proceeding was filed.
The Law Guardian now moves to dismiss the delinquency proceeding on alternative grounds arguing either that the matter was satisfactorily adjusted by the Probation Department or that, at the very least, the permissible period for such adjustment expired without referral to the Presentment Agency. The Presentment Agency argues that the matter was never adjusted by the Probation Department. And while conceding that the time provisions of Family Court Act § 308.1 were not followed, the Presentment Agency maintains that dismissal of the petition is not the appropriate sanction.
While it was respondent’s arrest that led to the appearance at the Probation Department, it is clear that her mother’s complaints about the child went beyond the allegations of *675 assault. After speaking with the Probation Department, the matter was referred to court for the filing of a PINS petition which included, besides the allegation of assaultive behavior, assertions that Kendra refused to obey her mother’s reasonable commands, associated with undesirable companions, kept late hours, and had absconded from home in the past. It is clear beyond all doubt that the mother’s intention was to address Kendra’s problems within the context of a PINS proceeding. If established, the behavior of which complaint was made would support a finding that the child was "incorrigible, ungovernable or habitually disobedient and beyond the lawful control of the parent” (Family Ct Act § 712 [a]).
The instant delinquency petition was not filed until more than three months had elapsed from the appearance before the Department of Probation. It is based on the precise acts of intrafamily assault pleaded in the PINS proceeding. For the reasons that follow, the delinquency petition must be dismissed.
Authority for the Department of Probation to adjust potential juvenile delinquency matters is set forth in Family Court Act § 308.1. The statute provides, inter alia, that adjustment efforts may not extend beyond two months without leave of the court and that, where no adjustment takes place, the Probation Department must notify the Presentment Agency of that fact within 48 hours on the next court date. (Family Ct Act § 308.1 [9], [10].)
The role of probation at this very early, prejudicial stage is of utmost importance in carrying out the general purposes of the Family Court. Thus, the Probation Department, with the approval of, and in consultation with the interested parties, may divert a potential juvenile delinquency matter from court and "adjust” it to the satisfaction of all concerned. When effected, adjustment spares the child from a potential delinquency adjudication. Due regard for the right of the community to protection is seen in the limitations and conditions placed on adjustment in instances of serious misbehavior. (Family Ct Act § 308.1 [3], [4].)
The terms "adjust” and "adjustment”, although frequently used in Family Court Act § 308.1, are not defined. However, the nature of the adjustment will necessarily vary from case to case. The threshold determination to be made, and the one from which all else flows, is whether to refer the matter to the Presentment Agency for possible filing of a delinquency peti *676 tion. In fact, the very first paragraph of section 308.1 authorizes the Probation Department to confer "with any person seeking to have a juvenile delinquency petition filed, the potential respondent and other interested persons concerning the advisability of requesting that a petition be filed. ” (Emphasis added.) In this case, the mother of Kendra, after conferring with the Probation Department, requested that the issues raised by her complaints about her daughter be addressed by the filing of a PINS petition. The PINS petition was, in fact, filed and the Probation Department never referred the assault allegations to the Presentment Agency. The foregoing constituted a resolution or "adjustment” of the potential delinquency charges. It was a final choice by the respondent’s mother to address her daughter’s misbehavior in the context of a PINS proceeding.
If Kendra were an adult, her mother would have had the choice of initiating a family offense proceeding under Family Court Act article 8 or pursuing the matter in criminal court. (Family Ct Act § 812 [1].) However, that choice would have become final 72 hours after the filing of a Family Court petition or accusatory instrument. (Family Ct Act § 812 [2] [e].) This legislative enactment simply provides fundamental fairness to the respondent.
Juvenile respondents are entitled to similar fairness. To sustain the present delinquency proceeding would be to gut the time-honored preliminary procedure so unique and so important to juvenile proceedings. It would render Family Court Act § 308.1 meaningless, while setting a horrible precedent, leaving children exposed to protracted delinquency ability at the whim of people and events beyond their control. If a course of general misbehavior by a juvenile in the home must be addressed judicially, it ought to be in a PINS proceeding, a legislative vehicle designed specifically to deal with such matters. It is hard to imagine why a parent, presumably motivated by the best interests of his or her child, would seek to stigmatize the child with a delinquency adjudication.* But if a parent is so intent, the choice must be made up front not, as here, three months and nine court appearances after the initial conference with Probation.
The petition is dismissed.

 The court does not reach the question of whether the acts alleged herein may properly be pleaded under Family Court Act article 3.